# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| HUBERT WHITNEY, | ) |
| Petitioner, | ) ) |
| vs. | ) Case No. 05-0460-CV-W-DW-P |
| JILL MCGUIRE, | ) ) ) |
| Respondent. | ) |

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2000 conviction and sentence for one (1) count of possession of a controlled substance which was entered in the Circuit Court of Jackson County, Missouri. Petitioner raises the following four (4) grounds for relief: (1) ineffective assistance of trial counsel for failure to investigate and discover whether or not appellant had an active warrant at the time of his arrest[1]; (2) conviction was obtained by use of evidence obtained pursuant to an unlawful arrest[2]; (3) conviction was obtained in violation of petitioner's privilege against self-incrimination; and (4) conviction was obtained by an unconstitutional failure of the state to disclose to petitioner evidence favorable to petitioner's trial. Respondent maintains that Grounds 1 and 2 are without merit and that petitioner failed to raise Grounds 3 and 4 before the state courts, making those

---

[1] This Court will construe petitioner's ground one as being a Sixth Amendment ineffective assistance of counsel claim because that is how petitioner raised it in both his Rule 29.15 motion and his appeal therefrom and not as a Fourth Amendment illegal search and seizure claim, which would be defaulted because such a claim has not been presented to the state courts.

[2] Because Ground 2 is raised here as a Fourth Amendment claim, it will be ruled as a Fourth Amendment claim.

claims procedurally barred.

## **Procedurally Defaulted Grounds**

In Ground 3, petitioner asserts that he never made a confession and that the trial court erred in allowing the testimony of a police officer regarding an alleged statement of petitioner indicating the presence of cocaine in petitioner's shoe. Petitioner asserts that the trial court error resulted in his wrongful conviction.

In Ground 4, petitioner asserts that the state failed to produce the warrant which was the basis for the probable cause permitting the arrest and subsequent search of petitioner. Petitioner alleges that there was no such warrant. Petitioner failed to present Grounds 3 and 4 to the state courts in his direct appeal. Respondent's Exhibit C, p. 12.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id.

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner failed to address any cause for and actual prejudice resulting from his state procedural default in his reply to respondent's response. See Doc. No. 9.

If petitioner contends that ineffective assistance of direct appeal counsel and/or Rule 29.15 appellate counsel caused his state procedural default, he may not do so because claims of ineffective

2

assistance of counsel must have been independently presented in a timely manner to the state courts in order to be used to show the alleged cause for state procedural default. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997) (petitioner must make a showing of "actual innocence" in order to fit within the fundamental miscarriage of justice exception) (en banc) (citing Schlup v. Delo, 513 U.S. 298 (1995)), cert. denied, 522 U.S. 1093 (1998). Grounds 3 and 4 will be denied.

### Grounds 1 and 2

In Ground 1, petitioner contends that his trial counsel was ineffective for failure to investigate and discover whether or not petitioner had an active warrant at the time of his arrest. Petitioner asserts that the probable cause for his arrest was based on the existence of a warrant which, according to petitioner, has never been established. Petitioner contends that he was prejudiced by counsel's failure to act because the drug evidence could likely have been suppressed if the validity of the warrant allegation had been challenged during pretrial proceedings. The Missouri Court of Appeal denied his claim as follows:

> To succeed on this claim of ineffective assistance, Whitney must show that a reasonable investigation would have revealed there was no outstanding warrant and that this information would have aided his defense. ***Alhamoud v. State*, 91 S.W.3d 119, 121 (Mo. [Ct.] App. 2002)**. Trial counsel has a duty to either make a reasonable professional investigation or make a reasonable decision that the particular investigation is unnecessary. ***Id***.
>
> In denying postconviction [sic] relief, the motion court found that Whitney failed to establish no warrant existed at the time of his arrest. Whitney's primary evidence on this issue was Exhibit 1, a Kansas City Police Department report of his criminal history from August 1972 through April 2000. The report revealed Whitney had been convicted on

3

twenty-nine municipal offenses ranging from disorderly conduct and driving violations to simple assault and larceny. As the motion court pointed out, Exhibit 1 listed only convictions and did not reference warrants or arrests on charges that did not result in a conviction. Nor did the listing include any warrants, arrests, or convictions on felony charges or other offenses outside the jurisdiction of Kansas City, Missouri. Accordingly, the criminal history report was insufficient to support Whitney's claim that counsel could have investigated and determined that he had no outstanding warrants.

The only other evidence in support of Whitney's postconviction [sic] claim was his own testimony. At the criminal trial, two police officers had testified that Whitney was arrested based on information from the police dispatcher that he had an outstanding warrant. At the postconviction [sic] hearing, Whitney testified that the officers were lying about the warrant and that no warrant actually existed. The motion court was free to disbelieve this testimony. As discussed earlier, we must defer to the factfinder's determination that Whitney's self-serving account lacked credibility.

In the absence of evidence to prove his allegation that no warrant existed, Whitney cannot establish that his counsel was ineffective in failing to investigate the warrant or that he was prejudiced. Counsel had a reasonable basis to believe a warrant existed based on the consistent statements of two police officers. Based on this information, counsel exercised sound professional judgment in determining there was no further need to investigate the legal grounds for the arrest and subsequent search. Whitney declined to present trial counsel as a witness at the postconviction [sic] hearing and, thus, failed to overcome the presumption that counsel made a strategic decision not to challenge the warrant. We find no error in the motion court's denial of relief under 29.15.

Whitney v. Missouri, 143 S.W.3d 759, 764-66 (Mo. Ct. App. 2004); Respondent's Exhibit J, pp. 5-7.

To prevail on an ineffective assistance of counsel claim, petitioner must establish that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 700 (1984). In order to demonstrate prejudice, petitioner must show that the existence of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Judicial scrutiny of counsel's performance must be highly deferential, id. at 689, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. See also Williams v. Locke, 403 F.3d 1022, 1024-26

4

(8th Cir. 2005) (even if probable cause was lacking, the evidence would not be suppressed if the officers had acted in good-faith reliance on the warrant); U.S. v. Spence, 187 F.3d 644, 644 (8th Cir 1999) (where the record contains neither the allegedly invalid warrant nor evidence as to the outcome of a motion to suppress, an assertion that a motion to suppress attacking the warrant would have succeeded is sheer speculation). Here, there is little likelihood that investigating the existence of the warrant would have undermined confidence in the verdict because two police officers offered corroborating testimony that they were informed by dispatch that petitioner had an outstanding warrant and no evidence to the contrary was submitted to the court. Respondent's Exhibit J, pp. 5-7.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254(e)(1). Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

The state courts' adjudications of petitioner's claims were not contrary to or did not involve an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, or did not result in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2). Ground 1 will be denied.

In Ground 2, petitioner contends that his conviction was obtained by use of evidence obtained incident to an unlawful arrest. Petitioner alleges that the state based probable cause on the alleged existence of an outstanding warrant for petitioner's arrest which the state failed to produce at trial. As respondent contends, Ground 2 is non-cognizable under the Supreme Court ruling that Fourth Amendment claims are not grounds for relief in a federal habeas proceeding if the state has provided an opportunity for "full and fair" litigation of the Fourth Amendment issue. See Stone v. Powell, 428 U.S. 465, 494 (1976); see also Willett v. Lockhart, 37 F.3d 1265, 1273 (8th Cir. 1994) (the state has provided an opportunity for full and fair litigation, thus barring a Fourth Amendment claim, where it has provided corrective procedures to redress the alleged Fourth Amendment violation and the petitioner was not precluded from using that mechanism because of an unconscionable breakdown in the system), cert. denied, 514 U.S. 1052 (1995). Ground 2 will be denied.

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied; and

(2) this case is dismissed with prejudice.

      /s/ Dean Whipple  
DEAN WHIPPLE  
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri  
Dated: 10/13/05

7